THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ASTA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 cv 200 |
| | ) | |
| v. | ) | District Judge Chang |
| | ) | Magistrate Judge Cole |
| MARY COLLEEN ROBERTS et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JUDGE MARY COLLEEN ROBERTS'S REPLY IN SUPPORT
OF HER RULE 12(B)(1) AND (6) MOTION TO DISMISS**

Defendant, the Honorable Mary Colleen Roberts, by her counsel, Lisa Madigan, Illinois Attorney General, submits this reply in support of her Rule 12(b)(1) and (6) motion to dismiss Plaintiff Joseph Asta's complaint:

**ARGUMENT**

Judge Roberts presented three arguments in her motion to dismiss: (1) that this Court lacks subject matter jurisdiction; (2) that this Court should abstain pursuant to the *Younger* doctrine; and (3) that judicial immunity bars any damages award against Judge Roberts. Asta concedes this third argument, and so Judge Roberts is replying in support of only the first two.

<u>Subject Matter Jurisdiction</u>

Asta asserts three claims for injunctive and declaratory relief against Judge Roberts, all pursuant to the Servicemembers Civil Relief Act ("SCRA"), and all are based on Judge Roberts's order that denied Asta's petition to stay his state-court domestic relations contempt proceedings. Judge Roberts cited several district court cases holding that federal courts do not have subject matter jurisdiction to enjoin state court orders or otherwise interfere with a state

1

court's jurisdiction based on claims brought pursuant to the SCRA. Asta's response confusingly states that Asta "is not seeking to challenge the validity of Judge Roberts's order in this Court", but also that he is "seeking to obtain appropriate equitable and/or declaratory relief with respect to" Judge Roberts's alleged violation of the SCRA. (Resp. Br. at 4.) To be clear, Asta's complaint seeks an order that stays Asta's case before Judge Roberts and vacates some of Judge Roberts's prior orders in that case. (Complaint at 10-11.)

In response to the five cases that Judge Roberts cited, Asta merely says that they are old cases and were issued before the SCRA was amended to provide a private right of action to enforce the SCRA's provisions. Asta's problem is that he is factually and legally incorrect. Factually, he notes that the private right of action in 50 U.S.C. § 4042(a) became effective on October 13, 2010. Yet, the most recent case that Judge Roberts cited was issued on November 1, 2010. *See Vockroth v. First Circuit Family Court of Hawaii*, 747 F. Supp. 2d 1297 (M.D. Ala. 2010). So the private right of action existed when the court ruled in *Vockroth*.

Legally, it makes sense why the court did not overturn a nearly seventy-year precedent. The Section 4042(a) private right of action only allowed individual members of the armed forces the right to seek relief for any enforceable provision of the SCRA. It did not, and could not, expand federal courts' subject matter jurisdiction. *See Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 458 (7th Cir. 2007) ("[a] private right of action is not a component of subject-matter jurisdiction") (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005)); *see also Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana Dep't of Public Health*, 699 F.3d 962, 983-84 (7th Cir. 2012) (citing *Bertrand*).

Accordingly, this Court lacks subject matter jurisdiction over Asta's complaint.

Younger Abstention Doctrine

Both Asta and Judge Roberts have cited *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002), which sets forth certain elements that federal courts should consider when considering a *Younger* abstention: whether the state-court proceeding (1) is judicial in nature, (2) implicates important state interests, and (3) offers an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." As Asta notes in his response, these elements are relevant only with respect to three types of cases that are eligible for a *Younger* abstention: ongoing criminal proceedings, civil enforcement proceedings akin to criminal proceedings, and other civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 586 (2013).

Asta's contempt proceedings satisfy the second and third types of cases outlined in *Sprint*. Asta's complaint seeks to enjoin a civil contempt proceeding in which Judge Roberts has ordered that Asta be jailed until he complies with several court orders that directed him to make a payment to his ex-wife pursuant to a divorce decree. (Complaint, Ex. 8); *see Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981) (the purpose of civil contempt is to enforce a prior court order). Moreover, Plaintiff actually cites to *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987), where the Supreme Court reiterated its holding that federal courts should abstain under *Younger* from interfering in state court contempt proceedings because states have an important interest in the operation of their judicial systems. *See also Moore v. Sims*, 442 U.S. 415, 423 (1979) ("[T]he presence of such other vital concerns as enforcement of contempt proceedings…determines the applicability of [*Younger*] principles as a bar to the institution of a later federal action.").

With respect to the four additional factors, Asta argues that he does not have an opportunity to have his federal claims reviewed in the state court system and that exceptional circumstances are present in this case. Neither is true. Asta does not deny that he has appealed Judge Roberts's order to the Illinois Appellate Court. As the court in *Vockroth* noted, state appellate courts are able to overturn trial court orders that run afoul of the SCRA's provisions. *Vockroth* 747 F. Supp. 2d at 1302-03. Further, there is nothing exceptional about Asta's situation. It seems that Asta is arguing that "the security of a Free state" is at stake here. (Resp. Br. at 4), though it is not clear how. A court ordered him to pay his ex-wife some money due to the terms of their divorce decree. Asta participated fully in the court proceedings up until that point, and only later – after refusing to comply with court orders directing him to make the payment in question – did he allegedly enter active-duty military service and then raise the SCRA as a shield to avoid making this payment. This is a matter that should be left to the state court system.

Accordingly, this Court should abstain from exercising its jurisdiction pursuant to the *Younger* doctrine.

WHEREFORE, Judge Mary Colleen Roberts requests that this Court dismiss all claims against her in Plaintiff's complaint.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

/s/*Michael D. Arnold*
MICHAEL D. ARNOLD
Assistant Attorney General
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-4491
marnold@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed on March 6, 2017, via the Court's CM/ECF system.

/s/*Michael D. Arnold*